# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEY STARLING THOMAS,<br><br>Defendant. | CASE NO. 1:14-CR-00228-LJO-SKO-7<br><br>MEMORANDUM DECISION AND ORDER ON THE GOVERNMENT'S MOTIONS IN LIMINE.<br><br>(ECF No. 262) |

## I.  INTRODUCTION

Defendant Ashley Starling Thomas ("Defendant"), is charged by Plaintiff the United States of America ("the Government") in a Superseding Indictment with violations of 18 U.S.C. § 371—Structuring Conspiracy; 31 U.S.C. § 5324(a)(1)—Causing or Attempting to Cause a Financial Institution to Fail to File a Currency Transaction Report (four counts); 31 U.S.C. § 5324(a)(3)—Structuring; 18 U.S.C. § 1956(h)—Money Laundering Conspiracy; 18 U.S.C. § 1956(a)(1)(B)(i)—Money Laundering (six counts); and, 18 U.S.C. § 982(a)(1) and 31 U.S.C. § 5317—Criminal Forfeiture. *See* ECF No. 244. In summary,[1] this is a criminal case in which the United States is prosecuting defendant Ashley Starling Thomas relating to alleged criminal acts by the defendant to

---

[1] This summary is from the parties' joint statement of the case, provided to the Court on May 18, 2016. *See* ECF No. 276.

structure certain cash withdrawals to prevent or attempt to prevent her banks from filing reports on those transactions and to launder the proceeds of the distribution of marijuana. Specifically, the defendant is charged with one count of Conspiracy to Structure, four counts of Causing or Attempting to Cause a Financial Institution to Fail to File a Currency Transaction Report, one count of Structuring, one count of Money Laundering Conspiracy, and six counts of Money Laundering.

Pending before the Court are the Government's Motions *in Limine*, filed May 9, 2016 (ECF No. 262). Defendant timely filed an Opposition on May 18, 2016 (ECF No. 275). Having read the parties' submissions, the Court deems the motions suitable for review without a hearing. Thus, the Court **VACATES** the hearing set for May 19, 2016 at 2:00 p.m., and rules on the motions *in limine* as set forth below.

## II.     LEGAL STANDARD

A party may use a motion *in limine* to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. *See Luce v. United States,* 469 U.S. 38, 40 n. 2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997). A motion *in limine* allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. *Brodit v. Cambra,* 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions *in limine* that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. *see, e.g., Brown v. Kavanaugh*, No. 1:08-CV-01764-LJO, 2013 WL 1124301, at *2 (E.D. Cal. Mar. 18, 2013) (citing *Sperberg v. Goodyear Tire & Rubber, Co.,* 519 F.2d 708, 712 (6th Cir. 1975); *see also In re Homestore.com, Inc.*, No. CV 01-11115 RSWL CWX, 2011 WL 291176, at *2 (C.D. Cal. Jan. 25, 2011) (holding that motions *in limine* should "rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial"); *see cf. Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2012 WL 1189898, at *4 (N.D. Cal. Jan. 4, 2012) (concluding that "a broad categorical exclusion" was unwarranted).

2

Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion *in limine*, and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury. *Jonasson,* 115 F.3d at 440.

### III. THE GOVERNMENT'S MOTIONS IN LIMINE

**1. to Preclude Defendant from Introducing Her Own Self-Serving Statements, Unless She Testifies Subject to Cross-Examination (Motion (a)).**

The Government argues that Rule 801(d)(2)(A) precludes Defendant from putting exculpatory statements "before the jury without subjecting [herself] to cross-examination, precisely what the hearsay rule forbids." *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988) (citing Fed. R. Evid. 801(c)).

Defendant counters that the motion is "premature, vague, and devoid of legal authority." ECF No. 275 at 2:18-19. Defendant argues that the Court at this stage can "evaluate whether the putative statement is 1) relevant, 2) hearsay, and 3) admissible hearsay as an exception to the hearsay rule." *Id.* at 3:11-12.

The Court finds it neither complex nor unclear what is being precluded here. The legal ground is basic hearsay, without an exception. The entire purpose of making the objection now rather than at trial is to prevent and preclude having to try to unring the proverbial bell. Accordingly, the Government's motion is **GRANTED**. Defense counsel are precluded from soliciting from witnesses, other than the Defendant, the Defendant's self-serving statements.

**2. to Exclude Opinions on the Defendant's Guilt or Innocence (Motion (b)).**

The Government seeks to exclude any and all witness testimony about any opinion as to the Defendant's guilt or innocence, as this determination is the province of a jury to decide and is also inadmissible under Rule 401.

Defendant argues that the "This motion is 1) vague, 2) unnecessary, and 3) potentially unconstitutional." ECF No. 275 at 3:19-20. Defendant avers that the motion is unnecessary where the jury will be instructed on what is not evidence, citing Ninth Circuit Model Criminal Jury Instruction 3.7.

3

Again, defense counsel seems to suggest that an objection in front of the jury and/or a motion to strike is an effective means of preclusion. All trial counsel know that this is not as effective as is precluding such testimony before the jury is selected. Defense counsel are precluded from asking a question of any witness that would tend to solicit an opinion on the Defendant's guilt or innocence. In addition, while defense counsel may request the jury (in closing argument) to find the Defendant innocent, he or she may not render a personal opinion. To do so would be irrelevant. Accordingly, the Government's motion is **GRANTED**.

**3. to Exclude Argument, Evidence, or Inquiry Designed to Encourage Jury Nullification (Motion (c)); and, to Exclude Evidence or Argument Regarding the Defendant's Potential Penalties or Punishment if Convicted (Motion (c)(i)).**

The Government argues that Defendant "may not encourage or suggest in any way that the jury should acquit him even though the government has met its burden of proof." ECF No. 262 at 4:8-10 (citing *United States v. Scarmazzo*, 554 F.Supp.2d 1102, 1108 (E.D. Cal. 2008) ("Neither a Defendant nor his attorney has a right to present evidence that is irrelevant to a legal defense to, or an element of, the crime charged. Verdicts must be based on the law and evidence, not on jury nullification … . It is appropriate to exclude evidence and argument to the jury related to medicinal use of marijuana, introducing evidence or arguing jury nullification. A jury may not substitute its views that are contrary to the law by abdicating the duty to follow the law as stated by the judge." (citations omitted*); United States v. Blixt*, 548 F.3d 882, 890 (9th Cir. 2008) (district court properly instructed jury to disregard counsel's "blatant jury nullification arguments"); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("[N]either the court nor counsel should encourage jurors to exercise [nullification] power."); *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant.")).

Due to its irrelevance, the Government also argues that Defendant, including her counsel, "should be precluded from commenting on or referring, either directly or indirectly, to the potential penalties or punishment facing the defendant in this case." ECF No. 262 at 5:18-19 (citing *Shannon*

4

*v. United States*, 512 U.S. 573, 579 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'") (quoting Rogers v. United States, 422 U.S. 35, 40 (1975))); *see also* Fed. R. Evid. 401.

Defendant avers that the motion is moot because counsel "has no intention of arguing that the jury should not follow the law." ECF No. 275 at 4:14-15. Defendant further argues that the motion is moot because the Court will specifically instruct the jury not to consider evidence of punishment, citing the Ninth Circuit Model Criminal Jury Instruction 7.4. *Id.* at 4:21-24.

Instructing the jury that they may not consider penalties or punishment, while important, does not address the desire or the right either to make the instant motion or to have it determined in favor of that same law. The Court concludes that Defendant and her counsel *may not* reference penalties or punishment **as it pertains to the Defendant**. To that extent, the Government's motion is **GRANTED**. However, evidence about penalties and/or punishment **of a testifying witness** is not precluded, since that could go to the issue of bias. In this limited way, the Government's motion is **DENIED**.

**4.   to Preclude Defendant from Introducing Topics Related to Sympathy (Motion (c)(ii)).**

The Government argues that "[e]vidence referring to the Defendant's health, charitable giving, her family's need for financial or emotional support, or references to the effect of the investigation or a conviction upon the defendant's families, have no bearing on the charges in this case and should be precluded," under Rule 401. ECF No. 262 at 6:13-18. Alternatively, as such evidence is more prejudicial than probative, it should be precluded under Rules 402-403. *Id.*

The Court is certain that defense counsel both know the parameters of permissible questioning in this area, and is just as certain that as Officers of the Court, they will follow the law. The Defendant's objection to the motion to preclude questions regarding sympathy is **SUSTAINED**. The Court will have to rule on this issue on a question by question basis during the trial.

**5. to Exclude Evidence or Argument Related to the Government's Charging Decisions, Including Evidence Regarding Alternative Remedies (Motion (c)(iii)).**

The Government argues that "[t]he defendant should be precluded from interjecting into the trial any evidence or argument regarding the government's charging decisions or as to the Department of Justice's enforcement practices in general, including the filing of civil injunctions," on the grounds that these are irrelevant and inadmissible. ECF No. 262 at 7:10-13; *see* Fed. R. Evid. 401-403.

Defendant concedes that such evidence "may not be directly relevant to an element of the charged offenses," but argues that "it may be indirect evidence of motive, bias, [or] intent of a government witness," thus, the motion should be denied. ECF No. 275 at 5:12-15.

Because such evidence could very well could go to the issues of a witness's motive, bias and/or intent, the Court therefore **GRANTS IN PART** and **DENIES IN PART** the instant motion. The motion to preclude mention of the Government's charging decision **as to the *Defendant*** is **GRANTED**. However, as to testifying witnesses *other* than the Defendant, the motion is **DENIED**.

**IV.    CONCLUSION AND ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motions *in limine* (ECF No. 262) are **GRANTED IN PART** and **DENIED IN PART**, as set forth above.

IT IS SO ORDERED.

Dated:   **May 19, 2016**              /s/ Lawrence J. O'Neill
                                        UNITED STATES CHIEF DISTRICT JUDGE

6