HEATHER E. WILLIAMS, SBN #122664
Federal Defender
JEROME PRICE, SBN # 282400
Assistant Federal Defender
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-5700
Fax: (916) 498-5710

Attorneys for Defendant
ASHLEY STARLING THOMAS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:14-cr-0228-LJO-SKO-7 |
| Plaintiff, | **STIPULATION AND ORDER FOR DEFENDANT'S IMMEDIATE RELEASE FROM CUSTODY PENDING FURTHER PROCEEDINGS** |
| vs. | |
| ASHLEY STARLING THOMAS, | |
| Defendant. | Judge: Hon. Lawrence J. O'Neill |

IT IS HEREBY STIPULATED AND JOINTLY REQUESTED by and between

McGregor W. Scott, United States Attorney, through Assistant United States Attorney Grant

Rabenn, counsel for Plaintiff, and Heather Williams, Federal Defender, through Assistant

Federal Defender Jerome Price, counsel for Defendant Ashley Thomas, that this Court issue an

order releasing the Defendant from custody pending further proceedings, pursuant to 18 U.S.C.

3143(b). The parties stipulate that such release should be forthwith.

Ashley Thomas is currently serving a 42-month sentence in the Bureau of Prisons at

Federal Prison Camp Bryan in Bryan, Texas. On October 11, 2016, Mrs. Thomas filed a notice

appealing her judgment and sentence after a jury convicted her of eleven various counts of

money laundering, money laundering conspiracy, structuring, and conspiracy to structure. On

April 4, 2018, the Court of Appeals for the Ninth Circuit entered a judgment reversing all

1   structuring convictions, and reversing and remanding all money laundering convictions.

2   (ECF No. 419).  Because a mandate has yet to issue, this Court has jurisdiction to rule on this

3   request pursuant to 18 U.S.C. § 3143(b).  *See also United States v. Provenzano*, 605 F.2d 85, 91

4   (3d Cir. 1979) ("an application for release after a judgment of conviction [is to] be made in the

5   first instance to the district court, notwithstanding that the jurisdiction of the court of appeals has

6   already attached by virtue of the appeal from the judgment of conviction.").  If and when a

7   mandate issues, this Court will have jurisdiction to rule on this request pursuant to 18 U.S.C.

8   § 3142.  The parties agree that in any circumstance, Mrs. Thomas should be released pending

9   any further proceedings.

10          Section 3143(b) provides that a defendant shall be released if the judicial officer finds:

11  (1) that the person is not likely to flee or pose a danger to the safety of any other person or the

12  community by clear and convincing evidence; and (2) that the appeal is not for the purpose of

13  delay and raises a substantial question of law or fact likely to result in a reversal, among other

14  such relief.   The parties hereby stipulate that the Defendant is not likely to flee or pose a danger

15  to the community.  She was on pretrial release without incident for two years up to the date of

16  the trial.  She had maintained employment and reported as directed.  The judgment of the Ninth

17  Circuit makes clear that the appeal was not for purposes of delay and raises a substantial question

18  of law.  Upon issuance of the mandate, this case will be remanded back to the district court for a

19  new trial on the money laundering charges.  The structuring charges were reversed on

20  sufficiency of the evidence grounds.

21          Given the entry of judgment, the mandate will issue no less than 21 days following the

22  filing date. Fed. R. App. P. 40, 41.  Given the judgment, the parties believe that Mrs. Thomas

23  should be released while the parties consider and exercise any options available to it.

24          The parties further stipulate that the conditions of pretrial release previously imposed are

25  sufficient and the least restrictive to reasonably assure the safety of the community and the

26  Defendant's presence as required.  Therefore, the parties stipulate that those conditions should be

27  adopted as the appropriate conditions for release.  The parties incorporate by reference the

28

conditions listed in ECF No. 84 with one modification.  The parties stipulate that condition "(d)"

may be modified as follows:

> reside at a location approved by the PSO, and not move or be absent from this residence for more than 24 hrs. without prior approval of PSO; travel restricted to the states of Texas and Georgia and to and from Fresno, CA, for court-related purposes, unless otherwise approved in advance by PSO;[1]

The parties stipulate that all other conditions of pretrial release would remain in full force and

effect.

Mrs. Thomas's immediate plan will be to reside with her father in the state of Texas.

After she is established, she will seek approval from Pretrial Services to live with her husband in

Georgia.

HEATHER E. WILLIAMS
Federal Defender

Date: April 5, 2018                    /s/  Jerome Price
                                       JEROME PRICE
                                       Assistant Federal Defender
                                       Attorneys for Defendant
                                       ASHLEY STARLING THOMAS

McGREGOR W. SCOTT
United States Attorney

Date: April 5, 2018                    /s/  Grant Rabenn
                                       GRANT RABENN
                                       Assistant United States Attorney
                                       Attorneys for Plaintiff

---

[1] The previous condition restricted travel to Louisiana and Fresno, California only.  Mrs. Thomas is no longer a resident of Louisiana.

1

2

3

4

5

6

7  IN THE UNITED STATES DISTRICT COURT

8  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10  UNITED STATES OF AMERICA,  ) Case No. 1:14-cr-00228-LJO-SKO-7
      )
11       Plaintiff,  )
      )
12  vs.  ) **RELEASE ORDER**
      )
13  ASHLEY STARLING THOMAS,  )
      )
14       Defendant.  )
      )
15  _____ )

16

17       IT IS HEREBY ORDERED, the Court, having reviewed and considered the parties'

18  stipulation, hereby adopts the parties' stipulation and orders that Defendant Ashley Thomas shall

19  be released from federal custody at Federal Prison Camp Bryan in Bryan, Texas forthwith

20  pursuant to the authority granted under 18 U.S.C. § 3143(b).  The Defendant shall be placed

21  under the supervision of Pretrial Services and subject to the same conditions previously imposed

22  except condition "(d)," which shall be modified to read as follows:

23       reside at a location approved by the PSO, and not move or be absent from this
      residence for more than 24 hrs. without prior approval of PSO; travel restricted to
24      the states of Texas and Georgia and to and from Fresno, CA, for court-related
      purposes, unless otherwise approved in advance by PSO;
25

26  Specifically, the Court orders that:

27       (1) The defendant must not violate federal, state, or local law while on release.

28

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

(5) The defendant must sign an Appearance and Compliance Bond, if ordered.

The Court further orders the following additional Conditions of Release:

(6) The defendant is placed in the custody of: Benjamin Thomas, who agrees (a) to supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

(7) The defendant shall:

(a) report on a regular basis to the following agency: Pretrial Services and comply with their rules and regulations;
(b) report in person to the Pretrial Services Agency on the first working day following your release from custody;
(c) cooperate in the collection of a DNA sample;
(d) reside at a location approved by the PSO, and not move or be absent from this residence for more than 24 hrs. without prior approval of PSO; travel restricted to the states of Texas and Georgia and to and from Fresno, CA, for court-related purposes, unless otherwise approved in advance by PSO;
(e) report any contact with law enforcement to your PSO within 24 hours;
(f) not associate or have any contact with: Any co-defendants, unless in the presence of counsel or otherwise approved in advance by the PSO;
(g) maintain or actively seek employment, and provide proof thereof to the PSO, upon request;
(h) surrender any passport to the Clerk, United States District Court, and obtain no passport during the pendency of this case;
(i) execute a bond or an agreement to forfeit upon failing to appear or failure to abide by any of the conditions of release, the following sum of money or designated property: A $10,000 unsecured bond, signed by the defendant, Ashley Starling Thomas.

IT IS SO ORDERED.

Dated:   **April 6, 2018**          **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE